RICHARD CROMWELL vs. WILLIAM J. GRANFIELD
(No. 6, March Term, 1908).
COPELAND MORTON vs. WILLIAM J. GRANFIELD
(No. 7, March Term, 1908).
RICHARD J. WHITE vs. WILLIAM J. GRANFIELD
(No. 8, March Term, 1908).

*Foreign Attachment—Sale and Delivery—Vessel Property—Title—
Practice—Evidence—Continuance—Absence of Material
Witness—Bill of Sale—Payment—Binding Instruc-
tions—Wear and Tear of Property and Defi-
ciency of Equipment—Recoupment—
Set-off.*

1.  A case will not be continued on the ground of the absence of a material witness who is an employee of the defendant and under his control, when the defendant has had knowledge for three or four months that the witness would not be present at the trial. Under such circumstances it was the duty of the defendant to have a commission issued to take the testimony of the absent witness; and if he failed to do that, he should have secured the attendance of the witness at the trial.

2.  Title to vessel property, as between the parties, may be acquired by the purchaser without a bill of sale.

3.  While it is necessary in an action to recover for the price of an interest in a vessel for the plaintiff to show that the amount claimed has not been paid, it is not necessary that any specific language or words should be used. It is for the jury to say from the testimony whether the purchase price has or has not been paid.

4.  If the jury believe from the testimony, that after the making of the contract for the sale of an interest in a vessel the parties agreed to an allowance or deduction from the contract price of a certain sum to cover any and all deficiencies of equipment, and also believe that the interest in controversy was sold and delivered to the defendant, their verdict should be in favor of the plaintiff for such sum as they believe the plaintiff is entitled to recover.

5.  In no event can the jury allow the defendant for any moneys expended or expenses incurred by reason of any deficiency of equipment caused by ordinary wear and tear.

(*April* 5, 1909.)

JUDGES GRUBB and PENNEWILL sitting.

*William S. Hilles* for plaintiffs.

*John F. Malloy* and *Levin Irving Handy* for defendant.

Superior Court, New Castle County, March Term, 1909.

FOREIGN ATTACHMENT CASES tried together by agreement of counsel; No. 6 being to recover for the 4-32 interest in Bark "Good News," $1968.75, with interest from December 14, 1907; Nos. 7 and 8 each being to recover for the 1-32 interest in Bark "Good News," $492.19, with interest from December 14, 1907.

Narr filed May 15, 1908. Pleas of non-assumpsit, payment, set-off; and notice of recoupment filed April 2, 1909. Reps and issues filed April 5, 1909. On January 9, 1909, by agreement of counsel, said cases were placed upon the trial list of the Superior Court, for the January Term, 1909, and marked for trial. Same were continued on application of defendant, under a peremptory rule, to March Term, 1909.

At said March Term, when the cases came on for trial, Mr. Handy, of counsel for defendant, moved for a continuance, offering to file an affidavit of the defendant, alleging the absence from the State of a material witness, being the master of the said vessel "Good News."

*Hilles*, for plaintiffs, objected both to the filing of the affidavit and the continuance of the cases, but upon his suggestion the defendant was sworn and testified as to what he proposed to prove by said witness.

*Mr. Hilles*, in opposing the continuance of the cases, contended that the said absent witness, being in the employ of the defendant, should either have been produced at the trial or his deposition should have been taken, and that there was no legal ground laid for the continuance of the cases at the second trial term.

GRUBB, J.:—The opinion of the Court is, that under the circumstances disclosed here, we cannot grant a continuance.

Here is a case in which the witness was in the employ of the

defendant and under his control, and he has been on the Pacific Coast for three or four months.    The defendant's counsel knew,— and his knowledge was necessarily the knowledge of the defendant himself—that these cases were to be tried at this term, yet according to the defendant's statement, the ship could not be here before July, and therefore the cases could not be tried at the May term, nor under our practice at the September term.    They could not be tried before the November term.    It was the defendant's duty to know that, and it was therefore his duty to have a commission issued to take the testimony out on the Pacific Coast, which may be reached in about five days by rail, and the taking of the deposition would have been a perfectly feasible thing.    He should either have done that or have had the master of the ship here, so that he could be examined as a witness.    But he has done neither.    We consider therefore, that this falls clearly within the rule and practice of this Court, and, for these reasons, the Court declines to grant the continuance.

(Upon Mr. Handy's request, he stating that he had just been taken into the cases, the trial of the cases was postponed until the following morning, April sixth, 1909).

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—You are trying, by agreement of the parties, three separate and distinct cases in this one proceeding, viz: Richard Cromwell vs. Wiliam J. Granfield; Copeland Morton vs. William J. Granfield; and Richard J. White vs. William J. Granfield.

In the first named case, Cromwell, the plaintiff, seeks to recover from the defendant the sum of $1968.75, with interest from December 14, 1907, being the purchase price of four thirty-seconds interests in the bark or vessel "Good News," which the plaintiff alleges were sold and delivered to the defendant in the month of January, 1908, for the price mentioned.    The agreement or contract of sale relied upon by the plaintiff is as follows:

"Baltimore, November 30th, 1907.

Received of W. J. Granfield, Twenty-five hundred dollars.— on %. purchase price $16,000.—Sixteen thousand dollars.— net cash, for American Barkentine "Good News."

"A" 1 in record, now bound to *New York*, the vessel is to be delivered as soon as *discharged*, as she stands, with stores, such equipment as rightfully belongs to her, of all, and every kind, in good seagoing condition, ordinary wear and tear excepted, and if not to be made so at our expense.

And the balance of purchase money, say $13,500—Thirteen thousand five hundred dollars—is to be paid in cash thereupon.

C. MORTON STEWART & Co."

In the Morton case the plaintiff seeks to recover the sum of $492.19, with interest from December 14, 1907, being the purchase price of the one thirty-second interest in said vessel; and in the White case the plaintiff seeks to recover the like sum of $492.19, with interest as aforesaid, for another one thirty-second interest in said vessel, which interests it is alleged by the plaintiffs were sold and delivered to the defendant under the contract or agreement aforesaid.

The plaintiffs have not declared on any special agreement, but rely entirely upon what are called the common counts, and that one which is applicable to the present cases, is the one termed the count for goods sold and delivered.

The contention of the plaintiff in each case, is that the entire vessel, including not only the 13-32, but the remaining 6-32 as well, were all sold and delivered to the defendant and accepted by him, and that the purchase price of the 6-32 has not been paid, and for the recovery of which, with interest from December 14, 1907, the three actions which you are now trying were brought.

The defendant admits that the 13-32 interests in the vessel were sold and delivered to him, and that he has paid on account of the purchase price, a sum equivalent to the 13-32 parts thereof. He denies, however, that such payments were made entirely and exclusively for the said 13-32 interests, but claims the payments

were on account of the purchase price for the entire vessel and all the interests therein.

The defendant sets up several grounds of defense to the three actions brought by the plaintiffs.

He has asked the Court for binding instructions, that is, requests us to direct you to return a verdict in favor of the defendant, (1) because there has not been shown by the testimony that there was any sale and delivery of the 6-32 interests in the vessel to the defendant; and (2), because it is not shown by the testimony that there was any breach of the contract of sale by the defendant, meaning thereby that there is nothing in the testimony which shows that the said 6-32 interests, if they were sold and delivered, had not been paid for by the defendant. We decline to instruct you to return verdicts in favor of the defendant as requested. We decline to pass upon the facts and think the cases should be submitted to the jury for their determination after carefully considering the evidence, and applying thereto the law as we shall state it.

Title to the vessel, as between the parties, may be acquired by the purchaser without a bill of sale.

In respect to the defendant's second ground of defense, we will say that while it is necessary for the plaintiffs to have shown by the testimony that the amounts claimed in these actions have not been paid to them, it is not necessary that such specific language or words shall have been used. If you are satisfied, from the evidence, it is shown that the amounts claimed have not been paid to each of the respective plaintiffs, that would constitute a breach of the contract so far as the non-payment of the money therein provided for is concerned. It is for you to say from the testimony whether such fact has been shown.

The defendant further contends that even if there was a sale and delivery of the 6-32 interests involved in the present actions; nevertheless the plaintiffs are not entitled to recover the full amounts claimed by them, because the contract provided that the vessel should be delivered to the defendant with such equipment as rightfully belongs to her, of all and every kind, in good sea-

going condition, ordinary wear and tear excepted, and that the vessel and equipment were not in such condition. He further contends that by reason of the failure of the plaintiffs to deliver the vessel with the equipment in good condition, he was compelled to expend a large sum of money in order to put them in the condition provided for in the agreement.

In reply to this contention of the defendant, the plaintiffs insist that the sum of $250. was paid to the defendant, or, what amounts to the same thing, deducted from the purchase price of the vessel, and accepted by the defendant, to cover all such deficiencies or repairs of equipment, and they cannot be charged for any money expended or expenses incurred by the defendant to supply such deficiencies or make such repairs.

It is for you to determine from the testimony whether the said sum of $250. was paid by the plaintiffs and accepted by the defendant for the purposes mentioned. If you shall believe that after the making of the contract of sale the parties, plaintiffs and defendant, agreed to an allowance of $250., to cover any and all deficiencies of equipment, and shall, also believe that the 6-32 interests in controversy, were sold and delivered to the defendant, your verdict should be in favor of the plaintiff in each case for such sum as you believe from the evidence such plaintiff is entitled to recover.

And we may also say to you that you cannot in any event allow the defendant for any moneys expended or expense incurred by reason of any deficiency of equipment, caused by the ordinary wear and tear thereof.

If you shall believe from the weight of the evidence that the defendant has paid in full for the 13-32 of the vessel, and should think that any deduction should be made from the price agreed upon, you can only deduct such proportionate amount of the total allowance as may be applicable to the shares of the plaintiffs; that is in the case of Cromwell you may deduct only 4-32 of any amount which you may see fit to deduct from the purchase price; and 1-32 of such amount in the other two cases.

In conclusion we will say, if you find in favor of the plaintiffs,

your verdict should be, in each of the three cases, for such sum as you believe from the evidence the plaintiff is entitled to recover. If you think the plaintiffs are not entitled to recover anything at all, your verdict should be for the defendant.

(After the jury had retired to their room, they were brought back to the court room and further instructed as follows:)

PENNEWILL, C. J.:

Gentlemen of the jury:—We have received from you the following inquiry:—"In case judgment is given in favor of the plaintiffs in the case we now have under consideration, will the ownership of the vessel be vested in the defendant, or can the plaintiffs still hold their title? One of the jurors is undecided in the matter." In response to such inquiry, we say to you that it was not necessary, in order to complete the sale and delivery of an interest in the vessel that a bill of sale for such interest should have been delivered to the defendant, but if you find that the contract of sale contained no such precedent condition or requirement, the delivery of such bill of sale may be, and, doubtless is, necessary for certain purposes, but not to make a sale valid and binding between the parties themselves if they see fit not to stipulate or require it in their agreement.

Verdicts
{
for plaintiff Cromwell, $1968.75;
for plaintiff Morton, $ 492.19;
for plaintiff White, $ 492.19.
}